## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RANDY PRATT and DEBRA PRATT,    )
    )
*Plaintiffs,*    )
    )
    v.    )    Case No. CIV-20-93-D
    )
SAFECO INSURANCE COMPANY OF    )
AMERICA,    )
    )
*Defendant.*    )

## O R D E R

Before the Court is Defendant's Notice of Removal [Doc. No. 1] and Plaintiffs' Motion to Remand [Doc. No. 7]. Defendant, Safeco Insurance Company of America ("Safeco"), has filed a Response [Doc. No. 10] in opposition, to which Plaintiffs Randy and Debra Pratt have replied [Doc. No. 11]. The matter is at issue.

## BACKGROUND

Plaintiffs owned a car which was insured by Defendant. Alleging that the car was rear-ended through no fault of their own, Plaintiffs made a claim with Defendant for coverage under the insurance policy. Complaint [Doc. No. 1-2] at 1.[1] Following the accident, Plaintiffs assert that Defendant improperly raised Plaintiffs' automobile insurance premium in violation of OKLA. STAT. tit. 36 § 941(A). *Id.* at 2.

Dissatisfied with the premium increases, Plaintiffs filed an action in Oklahoma County District Court alleging breach of contract, constructive fraud/negligent

---

[1] The parties refer to Plaintiffs' original pleading as a "Petition"; in keeping with federal nomenclature, the Court will hereinafter use "Complaint."

misrepresentation, and unjust enrichment. *Id.* at 2–5. Defendant timely removed the action to federal court pursuant to 28 U.S.C. § 1441, arguing that the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332. Response at 1.

Plaintiffs argue removal was improper and that remand is required due to this Court's lack of subject matter jurisdiction. Motion at 1. Specifically, the parties disagree whether the requisite amount-in-controversy requirement of more than $75,000 is met under 28 U.S.C. § 1332.

## STANDARD OF DECISION

Federal courts are courts of "limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.2d 952, 955 (10th Cir. 2002). One such statutory basis is found in 28 U.S.C § 1332. Subject matter jurisdiction under § 1332(a) requires completely diverse parties and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

The party seeking to remove the case "bears the burden to establish that its removal of [the] case to federal court was proper." *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (citing *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999)). When original jurisdiction is based on § 1332, "[b]oth the requisite amount in controversy and the existence of diversity must be *affirmatively established* on the face of either the petition or the removal notice." *Singleton v. Progressive Direct Ins. Co.*, 49 F. Supp. 3d 988, 991 (N.D. Okla. 2014) (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)) (emphasis added).

Typically, in order for a defendant to properly establish the amount in controversy, the "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  In the event the Court questions the defendant's proffered amount in controversy, however, "[e]vidence establishing the amount is required by § 1446(c)(2)(B)." *Id.*

When determining the amount in controversy in a diversity action, 28 U.S.C. § 1446(c)(2) lays out the general rule that "the sum demanded in good faith in the initial pleading" shall suffice. If, however, the "allegations of the complaint . . . are not dispositive, the allegations in the petition for removal" may be considered. *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970); *see* 28 U.S.C. § 1446(c)(2)(a).  In the latter case, the removing party "must affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[ke] it *possible* that $75,000 [is] in play . . . ." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (emphasis in original).

One avenue for a removing party to affirmatively establish the amount in controversy is "rel[iance] on an estimate of the potential damages from the allegations in the complaint." *Id.* (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)); *see also Marchese v. Mt. San Rafael Hosp.*, 24 Fed.  App'x. 963, 964 (10th Cir. 2001). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *McPhail*, 529 F.3d at 955. This leads the removing party to perform an "economic analysis" of the alleged damages

supported by underlying facts. *Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003).

After proving the underlying jurisdictional facts, the defendant "is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake. If the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case." *McPhail*, 529 F.3d at 954. In a peculiar sense, "the burden shifts to the party seeking remand,"—here Plaintiffs—"who must then prove to a legal certainty that the amount in controversy is less than $75,000." *Smith v. Brown*, No. CIV-17-631-R, 2017 WL 2964824, at *2 (W.D. Okla. July 12, 2017) (unpublished). "Punitive damages may be considered in determining the requisite jurisdictional amount." *Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003).

## DISCUSSION

Plaintiffs seek the remand of this case to the Oklahoma County District Court because, they argue, the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are not met due to an insufficient amount in controversy. Motion at 1. Plaintiffs also contend that because removal was improper, they are entitled to an award of attorney fees under § 1447(c) if the case is remanded. *Id.* Defendant contends that removal was proper in this case because the requirements of the diversity statute are satisfied—including that the amount in controversy exceeds $75,000. Response at 1.

On various grounds mentioned in the Complaint, Plaintiffs seek damages "in excess of $10,000." Complaint at 3–5. In their reply, however, Plaintiffs assert that the "true amount in controversy" in this case is the alleged improper increase in insurance premiums

of $120.60, and any assertion by Defendant that the $75,000 threshold is met is based on "guesswork about what Plaintiffs may receive . . . ." Reply at 2.

Plaintiffs contend that the actual amount in controversy is as little as $120.60. It appears undisputed, however, that Plaintiffs seek: (1) compensatory and special damages arising out of a breach of contract in excess of $10,000; (2) financial losses and mental and emotional distress arising out of Defendant's alleged fraudulent conduct in excess of $10,000; (3) disgorgement of the increased premiums; and (4) punitive damages for Defendant's alleged intentional conduct. Plaintiffs seek, at least, "in excess of $10,000" for actual and consequential damages, and a similar amount for punitive damages. *See* Complaint at 5. These amounts, however, do not reach the requisite minimum of $75,000 to remain in federal court; the Court must look elsewhere.

In its Response, Defendant relies heavily on Plaintiffs' request for punitive damages. Response at 5–7. Because Plaintiffs' Complaint states only that they seek "punitive damages in an amount to be determined by the jury in excess of $10,000," Complaint at 5, the Court must determine by a preponderance of the evidence whether the value of punitive damages raises the amount in controversy in this case above the requisite $75,000. 28 U.S.C. § 1446(c)(2)(B).

In its analysis regarding punitive damages, Defendant focuses on Plaintiffs' allegations of "intentional" conduct. Response at 6. More specifically, Defendant asserts that, under Oklahoma law, "[a] claim for punitive damages based on intentional conduct carries a possible punitive damages award of either $500,000.00 or twice the amount of actual damages—*whichever number is higher*." *Id.* (citing OKLA. STAT. tit. 23, § 9.1(C))

(emphasis in original). As Plaintiffs correctly point out, however, asserting that the maximum amount of any punitive damage award may exceed $75,000, without supporting facts, will not establish jurisdiction. *See Herndon v. Am.Comm. Ins. Co.*, 651 F. Supp. 2d 1266, 1273 (N.D. Okla. 2009); *see also Singleton*, 49 F. Supp. 3d at 993 ("A [d]efendant must nevertheless offer more than a 'conclusory statement' that punitive damages are sought under Oklahoma law and that such law authorizes recovery in excess of that jurisdictional amount.").

*Singleton v. Progressive Direct Insurance,* 49 F. Supp. 3d 988, 991 (N.D. Okla. 2014), is instructive, here. *Singleton* also involved a dispute between an insurance company and its insured over whether the amount-in-controversy requirement under § 1332 was met. *Id.* at 990–91. The court stated that a conclusory statement that a punitive damages award could be as high as $100,000 under Oklahoma law was insufficient to establish the amount in controversy. *Id.* at 993. Nevertheless, the court held that, because a punitive damages award of $65,000 or more would "reach the jurisdictional threshold," the defendant had "affirmatively established" that the jurisdictional requirement was met. *Id.* at 994 (citing *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)).

As noted above, the potential actual and consequential damages—based on the face of the complaint—mean that "even a limited punitive damages award would push Plaintiffs' recovery over the jurisdictional threshold." *Daniels v. Safeco Ins. Co. of Am.,* No. CIV-16-360-C, at *2 (W.D. Okla. June 29, 2016) (Cauthron, J.). Based on the alleged facts before the Court, it is plausible that the amount recoverable in this case exceeds the amount-in-controversy requirement. Defendant has met its burden of proving jurisdictional

facts that make it possible that more than $75,000 is at stake, and Plaintiffs have failed to prove to a legal certainty that such recovery is not possible. *See McPhail*, 529 F.3d at 954. Therefore, federal subject matter jurisdiction is proper.

Because Plaintiffs' Motion to Remand is DENIED, Plaintiffs' request for attorney fees under § 1447(c) is also DENIED.

## CONCLUSION

As set forth herein, Defendant has met its burden of proving this Court has subject matter jurisdiction over this case and removal was proper.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand [Doc. No. 7] is **DENIED**.

**IT IS SO ORDERED** this 15th day of April, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge