## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RANDY PRATT and DEBRA PRATT, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-93-D |
| | ) | |
| SAFECO INSURANCE COMPANY OF | ) | |
| AMERICA, | ) | |
| | ) | |
| *Defendant.* | ) | |

## O R D E R

Before the Court is Defendant Safeco Insurance Company of America's Partial Motion to Dismiss [Doc. No. 8].  Plaintiffs timely filed a response in opposition [Doc. No. 9], to which Defendant has replied [Doc. No. 12].  The matter is fully briefed and at issue.

## BACKGROUND

This lawsuit arises out of a motor vehicle accident which took place on or about November 28, 2018.  Plaintiffs allege that, after their car was rear-ended through no fault of their own, they made a claim for coverage under an insurance policy Defendant had issued. Complaint [Doc. No. 1-2] at 1. Plaintiffs allege that Defendant then improperly raised Plaintiffs' automobile insurance premium in violation of OKLA. STAT. tit. 36 § 941(A). *Id.* at 2. Plaintiffs assert three causes of action arising from the accident and subsequent premium increase: (1) breach of contract; (2) constructive fraud/negligent misrepresentation; and (3) unjust enrichment.  Defendant moves the Court to dismiss with prejudice the second cause of action, arguing it fails as a matter of law.

## STANDARD OF DECISION

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). A claim has facial plausibility when the court can draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The purpose of Rule 9(b) is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based." *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992). Simply stated, a complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997).

## DISCUSSION

Defendant argues that Plaintiffs have failed to plead fraud with any level of particularity; therefore, Plaintiffs' cause of action for "Constructive Fraud/Negligent Misrepresentation" must fail. Motion at 6.

Under Oklahoma law, a "negligent or even an innocent misrepresentation may give rise to a claim known in the law as constructive fraud," and "such a claim requires a breach of some legal or equitable duty." *Rogers v. Meiser*, 68 P.3d 967, 971 (2003). Through the

breach of this duty, a party "gains an advantage to the person in fault . . . by misleading another to his prejudice." *Silver v. Slusher*, 770 P.2d 878, 88 (Okla. 1998).

Defendant argues that, to adequately plead constructive fraud, Plaintiffs must allege "the existence of a fiduciary duty, or a duty based upon a confidential relationship." Motion at 7.  But "Oklahoma law does not restrict the duty necessary for a constructive fraud claim to a general fiduciary duty.  Instead, the requisite duty may arise if a party selectively discloses facts that create a false impression." *Specialty Beverages, L.L.C. v. Pabst Brewing Co.,* 537 F.3d 1165, 1181 (10th Cir. 2008) (applying Oklahoma law and collecting cases).

A duty to speak may arise from partial disclosure, the speaker being under a duty to "say nothing or to tell the whole truth." *Uptegraft v. Dome Petroleum Corp.*, 764 P.2d 1350, 1353 (Okla. 1988).  In other words, "[o]ne conveying a false impression by the disclosure of some facts and the concealment of others is guilty of fraud even though his statement is true as far as it goes, since concealment is in effect a false representation that what is disclosed is the whole truth." *Roberts Ranch Co. v. Exxon Corp.*, 43 F. Supp. 2d 1252, 1259 n.12 (W.D. Okla. 1997) (applying Oklahoma law).

Plaintiffs respond that "as plead, Plaintiffs' constructive fraud and negligent misrepresentation claim is based on Safeco's intentional raising of the premiums, inducing Plaintiffs to accept the same, and gaining an advantage over Plaintiffs when it was paid." Response [Doc. No. 9] at 6.  Plaintiffs allege Defendant owed them a duty as "contractual insureds." *Id*. at 8.

In support of their position, Plaintiffs cite to *Christian v. American Home Assurance, Co*., 577 P.2d 899, 905 (Okla. 1977).   In *Christian*, however, the Oklahoma Supreme Court held only that insurance companies have a duty to act in good faith and deal fairly with their insured, and that a breach of this duty gives rise to an action in tort. *Id*. at 902.   *Christian* is inapposite, here.

Ultimately, as alleged in the Complaint, Plaintiffs' constructive fraud by negligent misrepresentation claim must fail. The Oklahoma Supreme Court has concluded that "the existence of the duty of good faith and fair dealing implied in insurance contracts does not necessarily mean Plaintiffs' petition states a claim for breach of fiduciary duty." *Cosper v. Farmers Ins. Co*., 309 P.3d 147, 150 (Okla. 2013).  This is precisely what Plaintiffs attempt to rely on here. The lack of factual allegations renders Plaintiffs' assertions insufficient. Contrary to Defendant's position, however, it is not necessarily the case that amendment would be futile.

Plaintiffs allege that "in handling the administration of [Plaintiffs'] policies, Safeco improperly suppressed and concealed the truth concerning the premium rate increase." Complaint [Doc. No. 1-2] at 5.  Although Plaintiffs fail to state with particularity the circumstances that might sustain a cause of action for constructive fraud, the Court finds they should be given leave to amend.

IT IS THEREFORE ORDERED that Defendant's Partial Motion to Dismiss [Doc. No. 8] is GRANTED.  Plaintiffs' cause of action for constructive fraud/negligent misrepresentation IS DISMISSED WITHOUT PREJUDICE. Plaintiffs may file an amended complaint within twenty-one (21) days of the issuance of this Order.

**IT IS SO ORDERED** this 20th day of April, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge