IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RANDY PRATT and DEBRA PRATT,       )
                                   )
            *Plaintiffs*,           )
                                   )
vs.                                )        Case No. CIV-20-93-D
                                   )
SAFECO INSURANCE COMPANY           )
OF AMERICA,                        )
                                   )
            *Defendant*.            )

## ORDER

Before the Court is Defendant Safeco Insurance Company of America's Partial Motion to Dismiss [Doc. No. 16] filed pursuant to FED. R. CIV. P. 9(b) and FED. R. CIV. P. 12(b)(6). Plaintiffs Randy and Debra Pratt filed a response in opposition [Doc. No. 17], to which Defendant has replied. [Doc. No. 18].

## BACKGROUND

The lawsuit stems from a motor vehicle accident that took place on or about November 28, 2018. Plaintiffs allege that they were rear-ended through no fault of their own. Amended Complaint [Doc. No. 15] at 1–2. Plaintiffs allege that, as a result of the accident, Defendant increased Plaintiffs' automobile insurance premium, violating OKLA. STAT. tit. 36 § 941(A). *Id.* at 3. As a result, Plaintiffs are suing for: 1) breach of contract; 2) constructive fraud/negligent misrepresentation; and 3) unjust enrichment. Defendant moves the Court to dismiss with prejudice the second cause of action, arguing that it fails as a matter of law.

**STANDARD OF DECISION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). A claim has facial plausibility when the court can draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The purpose of Rule 9(b) is "to afford defendant fair notice of plaintiff's claim and the factual ground upon which it is based." *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992). The complaint must "set forth the who, what, when, where and how of the alleged fraud, and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 726–27 (10th Cir. 2006) (internal quotations and citations omitted). Courts generally review only the text of the complaint to determine if the factual allegations satisfy Rule 9(b). *Id.* at 726.

**DISCUSSION**

Defendant argues that Plaintiffs have not alleged fraud with the level of particularity required by Rule 9(b). Further, Defendant asserts that Oklahoma does not recognize negligence as a cause of action against an insurer. Defendant maintains that Plaintiffs'

constructive fraud/negligent misrepresentation cause of action should be dismissed with prejudice.

Under Oklahoma law, constructive fraud "is the concealment of material facts which one is bound under the circumstances to disclose." *Specialty Beverages, L.L.C v. Pabst Brewing Co.*, 537 F.3d 1165, 1180 (10th Cir. 2008) (listing the elements of a constructive fraud claim). A constructive fraud claim based on a nondisclosure of information requires the existence of a duty to disclose the information. *See, e.g. Thrifty Rent-A-Car Systems, Inc. v. Brown Flight Rental One Corp*, 24 F.3d 1190, 1195 (10th Cir. 1994) ("Fraud may also be established by showing the concealment of material facts which one is bound under the circumstances to disclose." (citing *Varn v. Maloney*, 516 P.2d 1328, 1332 (Okla. 1973)); *Silk v. Phillips Petrol. Co.*, 760 P.2d 174, 179 (Okla. 1988) ("[T]here must have been an obligation to speak."). The duty may flow from a fiduciary relationship between the plaintiff and defendant. It may also arise once a defendant voluntarily chooses to speak to the plaintiff about a particular subject matter. *Specialty Beverages, L.L.C.*, 537 F.2d at 1180–81.

Plaintiffs allege that Defendant owed them a fiduciary duty because of the special business relationship between the parties. Plaintiffs claim that this relationship resulted from Plaintiffs placing a "high degree of confidence and trust in Defendant." Amended Complaint at 5 ¶ 28. Plaintiffs further argue that "a fiduciary relationship springs from an attitude of trust and confidence and is based on some form of agreement, either expressed or implied," and that a fiduciary relationship can arise "anytime the facts and circumstances surrounding a relationship would allow a reasonably prudent person to repose confidence

in another person." Response at 8. Defendant contends that in Oklahoma, insurers and insureds cannot be in a fiduciary relationship.

Under Oklahoma law, an insurer does not owe a fiduciary duty to an insured. In fact, "[t]here are no Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective insured, or to an established customer with respect to procurement of an additional policy." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). Recognizing that transactions between an insurer and insured are at an arms' length, the Oklahoma Supreme Court noted that the parties "[do] not stand *vis-à-vis* each other in any recognized form of special relationship." *Silver v. Slusher*, 770 P.2d 878, 882 n.11 (Okla. 1988)*; see also Cosper v. Famers Ins. Co.*, 309 P.3d 147, 150 (Okla. Civ. App. 2013). Defendant directs the Court to *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1281 (N.D. Okla. 2006) and *Latta ex rel Latta v. Great American Life Ins. Co.*, 60 F. App'x 219, 220–21 (10th Cir. 2003). Both cases hold that Oklahoma does not recognize a fiduciary relationship between an insurer and insured.

Plaintiffs' attempts to distinguish Defendant's cited case law from the instant matter are ineffectual. As Plaintiffs point out, both factual circumstances and legal issues in *Cosper*, *Slover*, and *Latta*, differ from the case at hand. Plaintiffs, however, fail to refute the critical principle: that insurers owe no fiduciary duty to insureds.

Further, Defendant owed Plaintiffs no duty to speak. To determine whether there is a duty to speak, "consideration must be given to the situation of the parties and the matters with which they are dealing." *Silk*, 760 P.2d 174, 179. The duty to speak "may arise if a party selectively discloses facts that create a false impression." *Specialty Beverages,*

4

*L.L.C.*, 537 F.3d at 1181. If a false impression is conveyed by disclosing some facts and concealing others, the concealment is in effect a false representation. *Uptegraft v. Dome Petrol. Corp.*, 764 P.2d 1350, 1353 (Okla. 1988). Plaintiffs do not allege that Defendant conveyed a false impression by disclosing certain material facts and concealing others. Rather, Plaintiffs maintain that Defendant remained silent as to the reason for the premium increase. Defendant's silence conveyed no false impression to Plaintiffs. The parties were involved in an arms' length business transaction and were not in a fiduciary relationship. Defendant was under no duty to speak in connection with the circumstances of this case.

Plaintiffs' pleading contains conclusory allegations of trust and confidence reposed in Defendant. Plaintiffs fail to plead any facts from which the Court could infer that the auto policy renewal was anything other than an arms' length transaction between the parties; no fiduciary duty existed. Further, Defendant did not owe Plaintiffs a duty to speak. Because Defendant did not owe any legal or equitable duty to Plaintiffs, and such a duty is an essential element of a constructive fraud/negligent misrepresentation claim, Plaintiffs' second cause of action fails as a matter of law.

**CONCLUSION**

For the foregoing reasons, Defendant's Partial Motion to Dismiss [Doc. No. 16] is

**GRANTED**. Plaintiffs' constructive fraud/negligent misrepresentation claim against

Defendant is **DISMISSED WITH PREJUDICE.**[1]

**IT IS SO ORDERED** this 14th day of August, 2020.

_____

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] A dismissal with prejudice is appropriate because allowing Plaintiffs the opportunity to re-plead the claim would be futile.  *See Breton v. Bountiful City Corp*., 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").